Scribner, J.
This is an appeal from the judgment rendered in the case in the court of common pleas. The plaintiff is a street railway company, created and organized under' the statutes of this state, and certain ordinances adopted by the council of the city of Toledo. It is duly authorized to construct and operate, by electric power, upon and over certain designated streets within said city, its several lines of street railway, and has been engaged in conducting this enterprise for several years last past. The Toledo Consolidated Street Railway Co. is a corporation of like character, created in substantially the same manner, invested with similar powers, and engaged in operating its several lines of street railway within said city. The first named company, by proceedings in appropriation duly instituted and prosecuted in the courts of Lucas county, acquired certain rights in specific portions of the lines of railway of the Consolidated company. The nature of these proceedings, and the rights thereby acquired, will be hereafter more particularly noticed. The Toledo & Maumee Valley Railway Co. is a railway corporation, duly created and organized, authorized to construct and operate, by electric power, upon certain terms and conditions, a line of railway extending from or through the city of Toledo to the village of Perrysburg, in Wood county. Its line of railway has been duly constructed, and has been in operation since August 10, 1894. Its powers, so far at least as they concern this controversy, are mainly derived from the acts of May 17, and May 21, 1894, O. L.. Vol. 91, pp. 285 and 379. On June 1, 1894, this company and the Consolidated company entered into a contract, by the terms of which, among other things, a traffic arrangement between these two companies was provided for, and the railway cars of the Maumee Valley company were to be run over certain specified tracks of the Consolidated company. Some of these tracks included portions of those ap *170 propriated by the plaintiff, as before mentioned, and are used in carrying out the terms of said contract, without any provision for compensation to the plaintiff for such use. The petition filed herein sets forth, in detail, the facts above briefly stated, and the plaintiff insists that the use so made, without compensation, of the tracks particularly embraced in its appropriation proceedings, is in violation of its constitutional rights, and it prays an injunction to restrain such unlawful interference with its property, until steps are duly taken whereby compensation shall be secured to the plaintiff.
The plaintiffs counsel, in their briefs and arguments, state with' precision, the grounds upon which they base their claim. It is argued by one of the counsel for plaintiff, that by virtue of the proceedings in appropriation, set forth in the pleadings and in the evidence, the plaintiff company became invested with a joint ownership of the railroad property condemned — joint ownership with the Consolidated company, the company which originally constructed and operated the railway, portions of which were so condemned. It is claimed bylplaintifPscounselthatthe plaintiff company acquired not only the right to use and operate portions of the line of railway of the Consolidated company, but actually became invested with an ownership, to the extent of an undivided one-half of the portions condemned of the property of that company. The associate counsel for the plaintiff states his proposition in this form :
“ What property did plaintiff have, then, in the streets of Toledo, which defendant is averred to be using ?
1. Overhead constructions at the intersection of Adams and Summit, Jefferson and Summit, and Jefferson and St. Clair. These constructions consist of wires and poles put into the street for the purpose of communicating electrical power for the propulsion 'of cars. At other intersections, plaintiff claims to .have some of the property in the construction as originally put in by it.
• “ The property put in by the plaintiff was placed in the three intersections named, with its own money, and the property in that portion is absolutely its own.
*171 “2. The right to use jointly and equally with the Consolidated, the tracks and other structures in Summit street, from Adams to Perry street bridge, in Monroe street from Summit to Ontario, and in Adams from Summit to Michigan.
“This right was obtained in certain coudemnation proceedings in the probate court, with which this court is familiar. For it the plaintiff, with the right to use certain other property, paid the large sum of $34,000.00.”
It is in this form that the claim of ownership on the part of the plaintiff is asserted and set forth. Further on, the proposition upon which the plaintiff more especially insists in urging its right to interfere with the traffic arrangement between the defendant and the Consolidated company, is stated. It is in this language :
“ Under the averments in the pleadings, it appears that the Toledo Electric Street Railway Co. had acquired, by appropriation, the right to jointly use with the Consolidated company, the tracks and structures of the other, in the city of Toledo. This right was one for which the Electric Street Railway Co. paid a large sum of money. The right thus acquired was an easement. It is a property right which is protected by the constitution. Any impairment of its value is a taking, for which compensation must first be made in proceedings in appropriation. The additional use to which the new company puts the tracks is such an impairment.”
That is to say, briefly summarized, it is claimed that the appropriation by the plaintiff company of the right to operate and run its cars over certain portions of the tracks and railway structures of the Consolidated company, is property, and that any interference with that right, any impairment of its value, is the taking of property from the plaintiff company, for which, under the constitution, compensation must first be made; and that the grant made by the Consolidated company to the Toledo & Maumee Valley Railway company, by which that company is.permitted, or any arrangement by which the Consolidated compsxy undertakes itself, to transport the cars of the Maumee Valley company over its tracks in the city of Toledo, including the portions of tracks the use of which was acquired by the *172 plaintiff is an impairment of the value of the property condemned, and to that extent, the taking of the property condemned, for which compensation must be made.
Let us look for a few moments to what is shown by the record of the appropriation proceedings upon which this claim is based. I turn first to the record of the proceedings in appropriation before the probate court, instituted March 12, 1891. .1 find in the petition in that case, among other things, these averments: the plaintiff, there referring to an ordinance passed by the common council of the city of Toledo, March, 27 1882, under which the plaintiff company first acquired its right to operate its lines in the city of Toledo, says :
“Said ordinance also granted authority to David Robinson, Jr., trustee, his successors or assigns, to occupy, according to-law and ordinance, so much of existing railroad tracks upon the above named streets, as is necessary for the successful operation of said electric railroad therein.”
It will be seen that according to the recitals of this petition the ordinance of the date named, granted to the trustee, his successors or assigns, authority “ to occupy according to law and ordinance, so much of existing street railroad tracks,” etc. And further on in this petition we find it stated, that by an ordinance bearing date July 28, 1890, there was granted “authority to the Toledo Electric Street Railway Co., to use and occupy according to law and ordinance, the existing street railway tracks in said portions of Adams and Summit streets.” Here it is repeated, as will be seen, that the authority granted was to use and occupy the existing street railroad tracks in the portions of the streets described. Then comes this statement in the petition to condemn :
“ Plaintiff says that it is necessary, in order to carry out the objects and purposes of this corporation, and to exercise the rights, privileges and franchises given to it by law and the ordinances of the city of Toledo, it shall appropriate to its use jointly with the Toledo Consolidated Street Railway Co., the right equally with said defendant, the Toledo Consolidated *173 Street Railway Co., to use, and occupy, and run its electric cars, to be propelled by electric power, over and upon so much of the defendant’s street railway tracks, switches, turn-tables, turn-overs, curves, turnouts, and other structures in said Summit street, Perry street bridge,” etc.
Thus proceeding to recite the various streets and public places where the petitioner alleges it is necessary, in constructing and operating its proposed line of railway, that it should use and occupy the tracks constructed by the Consolidated company. And the prayer of the petition is in conformity with and used this statement:
“ Wherefore plaintiff prays that such steps may be taken as are authorized by la'Cv, whereby it will be enabled to appropriate to its own use equally and jointly with said defendant, The Toledo Consolidated Street Railway Co., said property of said defendant necessary in order to enable it, said plaintiff, to maintain, use, occupy, run and operate its said cars to be propelled by electrical power, upon said defendant’s track, turnovers,” etc.
The record further shows that the jury, after hearing the testimony, the arguments of counsel and charge of the court, made their award as follows:
As compensation for property taken..........$12,333.40
As damages to the residue by reason of the
appropriation.................................... $3,308.00
And upon that verdict the court, on the 7th day of July, 1891, rendered its judgment, and ordered “that the said verdict be, and the same is, hereby confirmed ; to which order and judgment the said defendant, The Toledo Consolidated Street Railway Company, then and there excepted.”
The probate court in instructing the jury upon the questions, in volved, in other portions of the record, made use of this language:
“ You will see from this that plaintiff does not seek to appropriate property itself of the defendant company, but only a right therein — the right to use equally and jointly with the' *174 defendant the property specified in the petition ; leaving the ownership with the defendant company, and also leaving to it, the defendant company, the free use and occupation of any and all said tracks as perfectly as now possessed, except only in so far as two cars cannot occupy the same space at the same time. Herein is found the distinction between this case and the appropriation cases cited by counsel, and on which arguments and requests for charges are founded.”
The same proposition in substance is stated by the court in somewhat different language. And the court adds :
“ In considering this branch of the case, you will not consider any interference with the cars of the defendant company, or delays caused to such cars, nor any inconvenience to the defendant company in handling its passengers, as all these are the inconvenience, delay and interference with the general public, and is the price which every citizen pays for living in a community with others, and for passing over the same thoroughfares or in the same public conveyances used by other citizens. These are, therefore the loss of the public, and not of the company, for which said company is not herein entitled to compensation.
“ Neither will you consider any loss of business which may result to the defendant company by reason of plaintiff going on the same route, nor consider any additional expense caused to the defendant, if any there be, by reason of plaintiff’s cars going on defendant’s tracks ; for the public welfare and convenience is the one ground on which it is permitted to place in the streets a structure to be used for private gain. And when that public welfare or convenience requires a further similar or. additional use, the elder company has no right to demand compensation of the new company for damages so remote and uncertain as to be entirely in the field of speculation.”
This court had occasion to review, to some considerable extent, the doctrine involved in this case in the case of The Toledo Consolidated Street Railway Company v. The Toledo Electric Street Railway Company, (6 C. C. Rep. 362), covering very much the same- ground in its legal aspects as is presented here. On page 381 this language was used:
*175 “ The objection that the act contains no provision or limitation protecting the rights of the corporation owning the existing tracks, possesses much force. According to our view, power'is not conferred to appropriate the property of the corporation owning the tracks, in the ordinary sense of that term, but only power to appropriate the right to the joint and equal use of such tracks or structures. This right, it is true, may be designated and regarded as property, but it may be exercised only during the existence of the franchise granted the company whose tracks are subject to such joint use. By statute this cannot exceed a term of twenty-five years, though it may be renewed by the council in the exercise of its discretion. Strictly, the company originally owning the tracks continues to be the owner. The only interest the appropriating company takes is the right to use, jointly with the other company, for a limited period, such portion of the tracks as are designated in the- appropriation proceedings, to the extent authorized by the statute. As to the matter of rules and regulations, these may in part be provided by the council, in the exercise of the police power for the protection of the public. So far as the rights of the two companies are concerned, inter se, it is, in our judgment, within the power and jurisdiction of a court of equity to provide suitable protection to each, against the invasion of its rights by the other company.”
In that case the following language was also used by the court, at page 395 :
"We come now to a question oí great importance. It relates to the measure of compensation to which the plaintiff in error is entitled for the use of its tracks and other structures by the appropriating company. This question is presented in the record in various forms; in exceptions to the rulings of the court in admitting testimony offered by the defendant in error; in rejecting testimony offered by the plaintiff in error; in refusing to instruct the jury as requested by the plaintiff in error ; and in the charge of the court as given to the jury. It was agreed on all hands that the plaintiff in error was entitled to full compensation for the property of that company to the extent that it was sought to be taken ; the principal contention was as to what constitutes 'property’ in the sense in which that term is used in this connection.”
The question so arising being the same as that presented in this proceeding.
*176 “ The appropriating company claimed, in effect, that it is limited to the rails and other materials in place ; that is, to the value of material and cost of construction, and the reasonable cost of keeping the structure in proper repair; while its adversary insisted that in estimating the compensation to be awarded there should be taken into account the value of the franchise to operate the street railway in the streets of Toledo, acquired by the plaintiff in error under the ordinance before mentioned, and its contract with the city. It is insisted that the plaintiff in error was thereby invested with the exclusive right and easement to use, for street railway purposes, so much of the streets of the city as is occupied hy its tracks. As a result of this view of the rights of the plaintiff in error, it is insisted, among other things, that it is entitled to be paid for the loss of fares which would be occasioned by the proposed joint use and occupancy of its tracks; for the inconvenience and interruptions to business caused thereby, and for the consequent depreciation in value of' other portions of the line forming part of the street railway system. These and kindred views were presented by the parties during the trial, in every conceivable form.”
On pages 396 and 397 of the report appears a portion of the charge of the probate court in this particular case, the Adams street case as it is called, and the rule in part is there stated by the court in this language :
“ This proceeding is not intended to appropriate the physical property, or title of the property, or any portion of it.
“ When your award is made, the property in question will remain the property of the defendant, the same as it is now.
“ The right asked to be appropriated, and for which you are to award compensation and damages, is the right to use and occupy, jointly and equally, the property of the defendant company, as above defined, between Michigan and Summit streets on Adams street, for the purpose of operating its ears over and upon, the existing tracks, propelled and moved by electric power.
“ In ascertaining the amount that should be awarded for this use, you will bear in mind the definition above given you of what constitutes the property under consideration.
“ For the purpose of enabling you to arrive at a fair and correct conclusion on the proper amount to be awarded for *177 this use, you have been allowed to view and inspect the property, in order that you might see its present condition and construction. In your deliberations you are authorized to use this inspection so far as it may aid your judgment. In connection with this inspection and view, you are to consider ■carefully all the evidence before you, bearing on the condition and value of the property. To aid you in this consideration, ,■evidence has been admitted, showing the mode, date and cost ■of construction, the condition of the property at the present time as the result of its use by the defendant. You have inspected it, have heard the testimony relating tp the mode of construction, the material used, the cost, the effect of use, and its present condition. All this evidence, and any other that in your judgment may throw light upon the question of the present condition and value of this property, you should carefully consider; and your award for the joint and equal use and occupation of this property, taken in its present condition, should be such as will fully and fairly compensate the defendant for the joint and equal use and occupation.
“Upon this question you should not only take in consideration the construction constituting the tracks of the defendant, but also the paving, which the defendant has been required, by its ordinance, to construct.
“In considering the value of this property, as one of the tests for arriving at the value of its use, you should exclude all value arising out of airy franchise or easement in the street, or fi'om its earning capacity, or from its physical connection with any other portion of the defendant’s road or system of roads.”
In further discussing the proposition presented here in argument, this was said by the court referring to the Cleveland case cited in the ai’gument, on page 402 :
“ It will be observed that nothing was allowed by the council in the above case for the easement, for the loss of fares, for delays and interruptions of business,'or for depreciation in value of the tracks of the plaintiff.
“ This was obvious to the court in passing upon the case. It was plain that the council did not take into consideration any of these elements in fixing the ‘reasonable compensation.’ And all this was urged upon the court with muclx force by counsel.. The court said that no evidence had been given *178 tending to show that the compensation fixed was inadequate; but the facts appearing in the case did show, conclusively, that nothing had been allowed by council beyond a proportionate amount for the value of the materials in place, and the cost of future repairs, and for making such changes as might thereafter be required by the council; and had the court been ofthc opinion that the plaintiff was entitled to compensation for the matters claimed by counsel, it would have necessarily followed, as it seems to us, that the prayer of the petition should have been granted; for the city council did not possess arbitrary power in the matter. The court indicates in clear terms, that the company was entitled to show, by proof, that the compensation provided for by the city council was inadequate; and that no compensation was allowed in respect to the matters complained of, is, as before stated, manifest in the record.”
These propositions, or the grounds in their support stated in the opinions I have quoted, are summarized in paragraph 18 of the syllabus, which is found on pages 365 and 366..
It results from these views, in our judgment, that the right appropriated to run cars upon the tracks of the Consolidated company by this plaintiff is not such property as entitles it to compensation for such interference therewith as may result from granting a like privilege to another company.
In this connection it is not improper to call attention to certain provisions contained in the agreement between the two companies — that is, between the Toledo Consolidated Street Railway Co. and the Toledo Electric Street Railway Co.— bearing date June 16, 1892, by the preamble to which it is provided :
. “Memorandum of agreement, made and entered into this 16th day of January, 1892, by and between The Toledo Consolidated Street Railway Company, its successors and assigns, including those associated with it as hereinafter stated, party of the first part; and The Toledo Electric Street Railway Company, its successors and assigns, including those associated with it as hereinafter slated, party of the second part.
“In the term ‘ party of the first part’ as aforesaid, and in the privileges and rights granted thereto, there is to be taken *179 and included all companies, individuals and corporations, and all lines of street railway, which are now and may be hereafter operated by or in connection with the said The Toledo Consolidated Street Railway Company, whether the same shall be owned, leased, consolidated \vith or operated by contract or otherwise, with the owner thereof.
“In the term ‘party of the second part,’ and in the privileges and rights granted thereto, there is to be taken and included all companies, individuals and corporations, and all lines of street railway, which are now or may be hereafter operated by or in connection with the said The Toledo Electric Street Railway Company, whether the same shall be owned, leased, consolidated with or operated by contract or otherwise, with the owner thereof.”
It is not of much consequence in this case as to what shall be the proper construction of this contract. It is insisted, in an elaborate argument upon the part of plaintiff, that it does not really affect the rights of these parties nor bear upon the questions presented here; but inasmuch as, in our judgment, by the appropriation proceedings of the plaintiff, set forth in the petition and in the various records presented here, there was acquired by the appropriating company the right simply to run its cars over the railway of the Consolidated company upon the terms and conditions therein provided for, the right so acquired does not entitle the plaintiff company to compensation for the interference, so far as it maybe called an interference, with the running of its cars by the granting of a similar privilege to another company, it is a matter of no material moment, as to what construction shall be given to this contract in disposing of this case. Our view is that the plaintiff acquired the right to run and operate its cars over certain portions of the street railway structure of the Consolidated company; and that such right, or privilege, does not inhibit the Consolidated company from granting a similar privilege to another company. If the plaintiff in this proceeding is correct in its views, manifestly the probate court, and all the reviewing courts, •were wrong in excluding from the consideration of the jury evidence tending to show that the value of the structures of *180 the Consolidated company was interfered with and depreciated by the grant to the Toledo Electric Co. of its right to operate the portions of the railway condemned. One of the .principal grounds of complaint on the part of the Consolidated company was, that the use of its tracks in the manner proposed, interfered with its business, delayed the passage of its cars, and deprived it of certain fares, and in various ways depreciated the value of its property; and this claim was held inadmissible in our judgment. That opinion has, to some extent, been affirmed by the Supreme Court.
J. F. Kumler and F. H. Hurd, for plaintiff.
King & Tracy and Barton Smith, for defendant.
As to the traffic arrangement between the defendant company and the Consolidated company, we suppose it is a matter of no material difference to the plaintiff that such an arrangement was entered into, and the privileges conferred by it are being exercised. The two companies had the right and power to enter into that arrangement, and possessed the right and power to carry it out, and no right of the plaintiff'company is interfered with by their so doing.
It is complained that certain railroad-crossing structures, and certain electric power in use, and certain overhead wires, belonging to the Electric company and to the Consolidated company jointly, as well as some property belonging solely to the Electric company, are made use c( by the idanMOB Valle} Co. in operating under their c<n trtut; bus we hslíli. a the case of the Central Ry. Co. v. Toledo Elec. Ry. Co., that whatever claim to damages, if any, might accrue to the owner of such crossing-property, or property of alike character, no remedy by way of injunction was conferred which would entitle the owner to interfere with the appropriation of the line; that the remedy, if any existed, was by proceedings to recover damages for the interference with the property.
Under this view of the law of the case, it results from the facts shown, that the petition must be dismissed; and it is so. ordered.